[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
DEFENDANT'S MOTION TO DISMISS NO. 106
The plaintiff instituted the present action against the defendant seeking, inter alia, dissolution of their marriage and custody of their two minor children. The defendant now moves to dismiss on the ground that this Court lacks jurisdiction under General Statutes § 46b-93. The defendant further argues that a Florida court would be a more appropriate forum under § 46b-97. For the reasons stated below, the Court concludes that even if it has jurisdiction to make a custody determination, the Court shall decline to exercise jurisdiction pursuant to § 46b-97.
Section 46b-97(c) provides as follows: "In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, including but not limited to: (1) Another state is or recently was the child's home state; (2) another state has a closer connection with the child and his family or with the child and one or more of the contestants; (3) substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state; (4) the parties have agreed on another forum which is no less appropriate; and (5) the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 46b-91."
The evidentiary hearing that was convened on November 9, 1998 revealed the following facts that are relevant to the resolution of this issue. The defendant and the two children have been living in Florida since October of 1997. The children currently attend day care in Tampa, Florida, and their pediatrician is CT Page 13139 located in that city. The children regularly see a therapist in Tampa because they were allegedly abused by the plaintiff. The defendant was given a psychological evaluation in Florida regarding her ability to take care of the children. A number of the defendant's relatives, including the defendant's mother who has helped care for the children, reside in Florida. The defendant has filed a custody action in Florida which is currently pending. The Florida court has informed this court that it is prepared to assume jurisdiction over this matter.
Based upon the foregoing, the Court concludes that Florida is a more appropriate forum to make a custody determination. See § 46b-97(c)(1), (2), (3), and (5). Accordingly, the motion to dismiss is granted.
Owens, J.